CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

February 09, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS HENRY, | ) | |
|     Plaintiff, | ) | 7:25cv00357 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SWVRJA-DUFFIELD MEDICAL, | ) | By: Robert S. Ballou |
|     Defendant. | ) | United States District Judge |

Plaintiff Thomas Henry, a Virginia jail inmate proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his pre-existing serious medical condition, a blood clot, and failing to provide treatment for it.  Upon review of the complaint pursuant to 28 U.S.C. § 1915A(a), I find that plaintiff has sued the wrong party.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another.  42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A jail is not a "person" within the meaning of § 1983 and therefore is not a proper defendant to a § 1983 suit.  Further, because liability is personal, the Jail Authority cannot be liable for the actions of its employees, because the doctrine of vicarious liability or *respondeat superior* is not applicable to actions under § 1983.  *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023).

Recognizing that the plaintiff is a *pro se* litigant and may have been unaware of the proper parties to name in a § 1983 suit, I will grant the plaintiff 30 days to file an Amended Complaint in this matter on the form enclosed.  The amended complaint must name as a defendant each individual person who participated in violating plaintiff's constitutional rights and must specifically describe what each person did to violate his rights. The amended complaint

is a new pleading and must be complete in all respects, standing by itself without reference to the earlier filed complaint.  Failure to file an amended complaint within thirty (30) days after entry of this order will result in dismissal of the case against SWVRJA-Duffield Medical Department.  If plaintiff does not wish to proceed at this time, he may voluntarily dismiss his complaint without prejudice, allowing him to file a new complaint later if he chooses to do so, subject to any statute of limitations.

      An appropriate order will be entered this day.

      Enter:  February 8, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge